IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,279-01
 





EX PARTE JASON SCOTT MAY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 21646-A IN THE 42ND DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and
sentenced to two years' imprisonment. He did not appeal his conviction. 

 Applicant contends that he is being illegally confined. He contends that despite being
sentenced on October 26, 2006, and credited with 135 days of pre-sentence jail time, he has a
discharge date of April 7, 2009. Applicant has alleged facts that, if true, might entitle him to relief.
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d

294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Office of General Counsel at the Texas Department of Criminal Justice to file
an affidavit in response to Applicant's claim. The affidavit should also state whether Applicant has
submitted him claim to the time credit resolution system of TDCJ, and if so, the date his claim was
submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted him administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is being illegally confined. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 45 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 10, 2008

Do not publish